OPINION
{¶ 1} Plaintiffs-appellants, Saturn Electric, Inc. ("Saturn") and PZ Wright Son's, Inc. ("PZ"), appeal the decision of the Warren County Court of Common Pleas granting summary judgment to defendant-appellee, Wayne Local School District. We reverse and remand the decision of the trial court.
 {¶ 2} Saturn entered into a construction contract with the Wayne Local School District on March 27, 1997. The project commenced in April 1997 and was completed in August 1998. Under the contract, Saturn was to perform as the electrical contractor on the project. Saturn hired PZ as the electrical subcontractor on the project. The prevailing wage rate schedule that was in effect at the time was incorporated into the contract.
 {¶ 3} During the course of the project, the prevailing wage rate for electricians changed. The Wayne Local School District denied having received notification of any change in the prevailing wage rates at any time during the construction project. Consequently, Saturn and PZ were never notified by the Wayne Local School District that the prevailing wage rate changed. As a result, Saturn and PZ employees were underpaid by $12,531.95.
 {¶ 4} Saturn and PZ filed a complaint asserting that the Wayne Local School District breached its statutory duties and breached its contract with Saturn. Saturn and PZ sought reimbursement of the back wages as well as interest, costs, and attorney fees. The Wayne Local School District moved for summary judgment asserting that Saturn and PZ could not submit any evidence that Wayne Local School District received notice of the change in the prevailing wage rate for electricians. Summary judgment was granted in favor of the Wayne Local School District. Saturn and PZ appeal raising two assignments of error.
Assignment of Error No. 1
 {¶ 5} "THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO THE DEFENDANT-APPELLEE WHEN PLAINTIFFS-APPELLANTS PRESENTED PROBATIVE EVIDENCE ESTABLISHING A GENUINE ISSUE OF MATERIAL FACT PRECLUDING SUMMARY JUDMENT REGARDING WHETHER THE DEFENDANT-APPELLEE HAD NOTICE OF THE CHANGE IN PREVAILING WAGE RATES DURING THE CONSTRUCTION PROJECT AT ISSUE THAT CAN ONLY BE DETERMINED BY A JURY."
 {¶ 6} An appellate court reviews a trial court's decision to grant summary judgment de novo. Grafton v. Ohio Edison Co., 77 Ohio St.3d 102,105, 1996-Ohio-336. De novo review means that this court "uses the same standard that the trial court should have used, and we examine the evidence to determine if as a matter of law no genuine issues exist for trial." Brewer v. Cleveland Bd. of Edn. (1997), 122 Ohio App.3d 378,383, citing Dupler v. Mansfield Journal (1980), 64 Ohio St.2d 116,119-120. In other words, we review the trial court's decision without according it any deference. Brown v. Scioto Cty. Bd. of Commrs. (1993),87 Ohio App.3d 704, 711.
 {¶ 7} Summary judgment is properly granted when: (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made. Harless v. Willis DayWarehousing Co. (1976), 54 Ohio St.2d 64, 66; Civ.R. 56(C). If the moving party fails to satisfy its initial burden, "the motion for summary judgment must be denied. However, if the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party." Dresher v. Burt (1996), 75 Ohio St.3d 280, 293.
 {¶ 8} In order for the Wayne Local School District to be liable, Saturn and PZ must show that the Wayne Local School District was aware that the prevailing rate had changed and then failed to notify Saturn and PZ of the change. See R.C. 4115.05.
 {¶ 9} In interrogatories, Saturn and PZ asked the Wayne Local School District to identify the "prevailing wage coordinator assigned to the Wayne Local School District for the Construction project that is the subject of this lawsuit." Wayne Local School District replied, "[n]o record or document could be located appointing or identifying a specific individual as the prevailing wage coordinator for the high school construction project."
 {¶ 10} According to Robert Kennedy, the Ohio Department of Commerce, Division of Labor and Work Safety, Wage and Hour Bureau Chief, "the prevailing wage coordinator appointed by the Wayne Local School District for the construction project involving Saturn Electric, Inc. was Ron James." Robert Kennedy also stated in his deposition that "it was standard routine and custom for the Wage and Hour Bureau to mail notices of changes regarding the prevailing wage rate to all governmental entities and/or public authorities."
 {¶ 11} In his deposition, Ron James states that he was "appointed Treasurer [of] the construction project consisting of renovations and additions to the Waynesville Middle School and Waynesville High School * * *." Furthermore, Ron James states that he reviewed his records and "[t]here is no notice from any Ohio agency or department of a change in the prevailing wage rates during the time period the middle school and high school construction project was in progress."
 {¶ 12} However, the Wayne Local School District received several documents from the Ohio Bureau of Employment Services containing notification of changes in the prevailing wages. The Wayne Local School District received notification of changes in the prevailing wages for cement masons and plasterers, tile layers and terrazzo workers, plumbers and bricklayers. These notices state, "[y]ou should contact this office by letter for a complete wage rate determination * * * [r]ates for classifications and/or ratios not appearing on this list must be obtained through a written request by the public authority of the Ohio Bureau of Employment Services."
 {¶ 13} A genuine issue exists as to whether the Wayne Local School District was aware that the prevailing wage rate for electricians had changed or was aware of the need to inquire whether the prevailing rate for electricians had changed. Therefore, summary judgment was improperly granted. Consequently, the first assignment of error is well-taken.
Assignment of Error No. 2
 {¶ 14} "THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO THE DEFENDANT-APPELLEE WITHOUT CONSIDERING OR ADDRESSING PLAINTIFFS-APPELLANTS' SEPARATE BREACH OF CONTRACT CLAIMS AGAINST DEFENDANT-APPELLEE."
 {¶ 15} Given our disposition of the first assignment of error, the second assignment of error is rendered moot. See App.R. 12(A)(1)(c). Therefore, it will not be addressed.
 {¶ 16} Judgment reversed and remanded to the trial court for further proceedings according to law and consistent with this opinion.
VALEN, P.J., and POWELL, J., concur.